A. David Benjamin, J.
This is an action brought by an administratrix to recover for the wrongful death of her husband, the father of three children, who was killed by a steel beam which fell during the course of a construction job, causing his death within an hour after the accident.
The beam which fell had been erected by defendant Longwood Erectors, Inc. It was caused to fall by an adjacent beam being put in place by the same defendant and which at the time of the accident was being held in position by a crane owned by defendant John E. Breen, Inc. The defendant Bank was the operator of the crane at the time of the accident. The defendant Kretzer & Son, Inc., was the general contractor on the job.
The jury returned a verdict in favor of the plaintiff against the three corporate defendants, exculpating the individual defendant Bank, who was operating the crane. It has not been seriously urged on the trial or on this motion that the deceased was guilty of any negligence nor has it been urged that the verdict is excessive. It is admitted that the beam fell during the course of the erection of the second beam which was caused to come in contact with it, dislodging it and causing the tragic result. The right of the plaintiff to recover is clear. The sole question in the case is: from whom should recovery be had?
In the opinion of this court the record is replete with evidence <of personal as well as derivative negligence on the part of defendants Longwood Erectors, Inc., and John E. Breen, Inc. While no motion has been made to set aside the verdict in favor of defendant Bank, in the opinion of the court the action of the jury in exculpating him must have been actuated by sympathy for this individual defendant, faced with the dire consequence of a verdict as important as the one at bar, since the evidence was overwhelming as to the negligence of the defendant Bank as well as of the corporate defendants. While this verdict might be inconsistent if it rested alone on the question of derivative negligence, since the record is replete with evidence of personal negligence as well as derivative negligence, the verdict of the jury must stand. Quite clearly, had the jury arrived at a verdict for the defendants it could not have been sustained upon this record, since the right of the widow and children to recover is undisputed by all parties in this case.
With reference to the general contractor, the record is likewise compelling as to the failure of duty on the part of said *854 contractor to take appropriate action to evade a known condition of danger as to which they had a duty with respect to the employees of other subcontractors on the job. Such failure of duty is, in the opinion of this court, active negligence which gives no right over on their cross complaints against the other defendants.
The court has already disposed of various motions and cross complaints during the trial and on the argument of the motions with respect to the verdict. All other motions not heretofore disposed of to set aside the verdicts or for judgment over on the cross complaints by Kretzer & Son, Inc., are denied and said cross complaints dismissed.